# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-0531V**

| | |
|---|---|
| ROXANNE S. CROSS,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: June 25, 2026 |

*Ramon Rodriguez, III, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 18, 2023, Roxanne S. Cross filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.2[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from a tetanus and diphtheria ("Td") vaccine received on September 16, 2020. Petition at 1. On November 14, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 55

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $56,252.21 (representing $19,452.10 in fees and costs incurred by Petitioner's counsel of record: Siri & Glimstad, plus $36,800.11 in fees and costs incurred by Petitioner's former counsel: Sands Anderson). Motion for Attorneys' Fees and Costs ("Motion") filed February 11, 2026, ECF No. 60. Furthermore, Petitioner filed a signed statement representing that $7.95 of personal out-of-pocket expenses were incurred. ECF No. 60-1.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2025 are reasonable and consistent with our prior determinations. Petitioner has requested an hourly rate of $592.00 for 2026 work performed by attorney Ramon Rodriguez, III, representing a rate increase of $45.00 from the previous year. I find the proposed rate to be reasonable and hereby award it herein.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 60-3 at 4-16; 60-5 at 3-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $55,466.85 as follows:**

**A lump sum of $19,452.10, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Siri Glimstad's IOLTA account for prompt disbursement; and**

**A lump sum of $7.95, representing reimbursement for Petitioner's out of pocket costs, to be paid through an ACH deposit to Petitioner's counsel of record: Siri Glimstad's IOLTA account for prompt disbursement; and**

**A lump sum of $36,006.80, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Sands Anderson IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.